STEVEN G. KALAR
Federal Public Defender
Northern District of California
DAVID RIZK
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:  (415) 436-7700
Facsimile:  (415) 436-7706
Email:    David_Rizk@fd.org

Counsel for Defendant Licona

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No.: CR 19–00405 CRB |
|---|---|
| Plaintiff, | **DEFENDANT'S SENTENCING MEMO** |
| v. | **Court:**   Courtroom 6, 17th Floor |
| CARLOS LICONA, | |
| Defendant. | |

### I. INTRODUCTION

Defendant Carlos Licona will be before the court for sentencing in this Tenderloin drug case. Mr. Licona was driven to the United States from extreme poverty in rural Honduras. He has minimal criminal history (one prior for illegal entry) and plead guilty in this case to selling $18 of cocaine base. Mr. Licona submits this sentencing memorandum in view of the abbreviated Presentence Report, as well as attached letters of support from his family.

### II. BACKGROUND

Mr. Licona was born in Honduras to Martina Licona Martinez. Mr. Licona's father left his mother while she was pregnant and Mr. Licona did not meet him until much later in life. According to Mr. Licona, his early life was very difficult, as his family was extremely poor. Mr. Licona lived

with his three siblings and grandparents in a house that was too small for all of them in a remote, rural farming area.  There was just one bedroom and no bathroom, no electricity, and no running water.  The floors were dirt and Mr. Licona slept next to his grandmother for warmth.  The family had to carry water in buckets to the house every day from a spring nearly a mile away.  They also frequently went hungry.  Mr. Licona's diet was confined to rice and beans.  He often did not have enough for lunch and went to bed hungry.  Although there was little crime in the area, a mentally ill uncle sometimes abused his grandmother, which Mr. Licona witnessed.  Mr. Licona attended school until the sixth grade but then had to drop out to work.  From the age of 13, he worked as a laborer in fields, at first with his grandparents, and then for other landowners on his own.  Mr. Licona's mother worked as a house cleaner to support the family in the city, a three-hour bus ride away; he rarely saw her.  Mr. Licona met his father for the first time at age 12.  He relates feeling terrible at the time: he did not know what to say to him, and he had no understanding of who his father was, or how he could have left him before birth.  He met his father on one other occasion, a year later.  The encounter was equally painful for Mr. Licona and today, he does not maintain any contact with his father.

     Mr. Licona first came to the United States several years ago to make money to send back to Honduras to pay for a liver cancer operation for an aunt, and for his sister's schooling.  He came alone and lived in Arizona until he was deported in 2018.  He returned to the United States for economic reasons again a little over a year ago.  He found work at a laundry company in San Mateo and lived with a friend from Honduras in Oakland and sent his earnings back to his family in Honduras.  One night when Mr. Licona living in Oakland he was robbed by a group of men, costing him his cell phone.  Mr. Licona turned to selling drugs on the street only after he lost his job at the laundry company and was unemployed for five months.  He regrets doing so.  While in custody, Mr. Licona has been unable to communicate with his family in Honduras and he worries about his mother's health since she took sick recently.

     //
     //
     //
     //

### III. GUIDELINES

#### A. Legal Standard.

Mr. Licona concurs in the Guideline calculation set forth in the plea agreement:

| | |
|---|---|
| Base offense level, U.S.S.G. § 2D1.1(c)(14): | 12 |
| Acceptance of responsibility, U.S.S.G. § 3E1.1: | -2 |
| Total offense level: | 10 |

In addition, Mr. Licona falls into Criminal History Category I.  He received a sentence of 30 days in the District of Arizona for a violation of 18 U.S.C. § 1325 and no supervised release. Pursuant to U.S.S.G. § 4A1.1(c), he receives one criminal history point for that prior sentence.

The Guidelines sentence associated with a total offense level 10 and Category I is 6 to 12 months, within Zone B.

### IV. CONCLUSION

Mr. Licona hopes this memorandum and the accompanying materials are helpful to the Court.

Dated:     January 8, 2020                                Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender
Northern District of California

                /S
DAVID RIZK
Assistant Federal Public Defender